IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEISHA YAZZIE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GLAXOSMITHKLINE LLC | : | NO. 12-cv-1006 |
| *formerly known as* | : | |
| SMITHKLINE BEECHAM | : | |

M E M O R A N D U M   O R D E R

AND NOW, this 5th day of August, 2013, upon consideration of Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. No. 33) and the Parties' responses and replies thereto (Doc. Nos. 36, 39), it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that Defendant's Motion to Transfer (Doc. No. 29) is DENIED as moot. The Clerk of Court shall close this action statistically.

I. Procedural Background

On January 27, 2012, Plaintiff, a citizen of New Mexico, initiated this case as part of a consolidated action pending in the Pennsylvania Court of Common Pleas Mass Torts Program. The Complaint alleges that Plaintiff's mother's use of Paxil—a prescription drug manufactured by Defendant, GlaxoSmithKline—caused Plaintiff to be born with congenital birth defects.

Defendant removed this action to the United States District Court for the Eastern District of Pennsylvania on February 27, 2012. (Doc. No. 1). Plaintiff promptly filed a Motion to Remand (Doc. No. 15), asserting that GlaxoSmithKline is a citizen of Pennsylvania and therefore not entitled to remove an action that was filed in Pennsylvania state court. See 28 U.S.C. § 1441(b). On April 12, 2012, we placed this action in civil suspense, pending the resolution of an appeal

before the Third Circuit Court of Appeals, regarding the citizenship of GlaxoSmithKline. (Doc. No. 24). On June 7, 2013, the Third Circuit Court of Appeals held that, for the purposes of assessing diversity of citizenship, Defendant GlaxoSmithKline is a citizen of the state of Delaware. Johnson v. SmithKline BeechamCorp., Nos. 12-2561/2562/2563/2564/2565, 2013 U.S. App. LEXIS 11501 (3d Cir. June 7, 2013); see also Lucier v. SmithKline Beecham Corp., No. 12-2561, 2013 WL 2456043, --- F.3d --- (3d Cir. June 7, 2013).

Pursuant the Third Circuit's decision in Johnson, on June 19, 2013, we returned this case to our active civil docket and denied Plaintiff's Motion to Remand. (Doc. No. 27). Before a scheduling order was issued, Defendant filed a Motion to Transfer Venue (Doc. No. 29), and Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice. (Doc. No. 33). We now GRANT Plaintiff's Motion and DENY Defendant's Motion as moot.

II. Legal Standard

Once an answer or motion for summary judgment is filed in a case, a party who seeks dismissal of the case without prejudice must obtain an order from the district court. Fed. R.Civ P. 41(a)(2). In granting a motion under 41(a)(2), the district court is authorized to impose such terms and conditions as it deems proper.

Rule 41(a)(2)'s primary purpose is to thwart voluntary dismissals by plaintiffs that would result in clear legal prejudice to defendants. The decision as to whether to grant such a motion is within the district court's sound discretion. In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluram ine) Prods. Litig., 85 F. App'x 845, 847 (3d Cir. 2004), (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir.1974)); see also Kean v. Adler, 65 F. App'x 408, 415 (3d Cir. 2003) (a district court's order granting voluntary dismissal without prejudice is a "mere procedural ruling[

]" and not a "final judgment[ ] on the merits" fit for review"); Westinghouse Elec. Corp. v. United Elec. Radio and Machine Workers of Am., 194 F.2d 770 (3d Cir. 1952) ("An order of dismissal entered pursuant to [Rule 41(a)(2)] . . . should not be disturbed on appeal of the defendant except for arbitrary action which has subjected the defendant to plain prejudice beyond the prospect of subsequent litigation.").

The Third Circuit adopts the same liberal policy for motions brought under Fed. R. Civ. P. 41(a)(2) that it utilizes in resolving motions to amend under Fed. R. Civ. P. 15(a). In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990). As a general matter, a district court considering a plaintiff's motion for voluntarily dismissal must first "decide the presence or extent of any prejudice to the defendant" that may result from dismissing plaintiff's complaint. In re Diet Drugs Prods. Litig., 85 F. App'x at 847 (3d Cir. 2004) (quoting Ferguson 492 F.2d at 29). Unless the court determines that "defendant will suffer some prejudice other than the mere prospect of a second lawsuit," the district court should grant plaintiff's motion. Paoli, 916 F.2d at 863 (citing 5 J. Moore, Moore's Federal Practice ¶ 41.05[1], at 41–62 (1988)). Voluntary motions to dismiss are generally found prejudicial where a plaintiff seeks to start its litigation anew in the advanced stages of a lawsuit, after discovery has closed and the parties have filed dispositive motions or prepared for trial. See e.g. In re Diet Drugs Prods. Litig., 85 F. App'x at 847; Ferguson, 492 F.2d at 28. Nonetheless, plain legal prejudice does not result just because the defendant faces the prospect of a second lawsuit on the same issues in a forum that may prove more favorable to the plaintiff. Paoli, 916 F.2d at 863.

III. Discussion

In this Court's sound discretion, we cannot find "plain legal prejudice" to Defendant sufficient to deny Plaintiff's Motion for Voluntary Dismissal. Plain legal prejudice does not result solely because Defendant faces the prospect that Plaintiff may re-institute this case in another forum. Id. Although Plaintiff filed this action more than eighteen (18) months ago, this case remains in its initial stages. The parties have not begun factual or expert discovery, and this Court has not even issued a Rule 16 scheduling order. The parties have not filed any substantive motions with this court, and a trial date has not been set.

Despite this action's early stage, GlaxoSmithKline argues that a voluntary dismissal will cause it prejudice because such action could potentially: (1) deny Defendant its purported "right" to a federal forum; (2) subject Defendant to less favorable case law in an alternate forum; or (3) subject Defendant to a collective action. We find each of these arguments speculative and without merit.

Plaintiff, a New Mexico resident, filed this action in the Pennsylvania Court of Common Pleas, in order to take part in a collective product liability action against Defendant. Defendant removed most, if not all, of these individual actions to federal court, where no such collective action is currently pending. Defendant now speculates that, were we to grant Plaintiff's Motion for Voluntary Dismissal, Plaintiff will re-file this action in a state court in which Defendant has no right to seek removal.[1] Defendant further fears that, in doing so, Plaintiff may join another

---

[1] Defendant suggests that Plaintiff may re-file in state court and deny Defendant its right of removal by improperly joining additional defendants. At this stage, Defendants concern is grounded in mere speculation, and it is best addressed before an appropriate court if and when such a situation materializes.

collective action, and that, if this case proceeds to trial, plaintiff's selected forum may have evidentiary standards less favorable to Defendant than this Court's.[2]

We cannot find that Defendant's concerns amount to "plain legal prejudice." As an initial matter, we reiterate that the prospect of a second lawsuit in an alternate forum more favorable to Plaintiff does not establish prejudice, as Defendant carries no absolute right to litigate claims not arising under federal law in federal court. Additionally, at this stage, any arguments regarding Plaintiff's plans to re-file are wholly speculative. Defendant has not elaborated upon the basis of any alleged prejudice beyond mere contention, and we cannot state with certainty: (1) that Plaintiff will, in fact, re-file this action; (2) where Plaintiff may choose to re-file; (3) what evidentiary standards may apply in Plaintiff's forum of choice; and (4) whether Plaintiff will successfully join a collective action. Without a factual basis for Defendant's arguments, we cannot find that our granting Plaintiff's Motion will result in plain legal prejudice to Defendant.

IV. Conclusion

For the reasons set forth above, it is hereby ORDERED that Plaintiff's Motion for Voluntary Dismissal (Doc. No. 33) is GRANTED[3] and Defendant's Motion to Transfer (Doc. No. 29) is DENIED as moot.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[2] Defendant specifically asserts that Plaintiff may select a forum that has a more lenient standard for the admissibility of expert evidence, than the standard set out in the Federal Rules of Evidence and elaborated upon in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

[3] Although the district court, upon granting a voluntary dismissal under Rule 41(a)(2), is authorized to impose such terms and conditions at it seems proper, we decline to impose any such terms or conditions in this case.

5